UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VENSEL HARDY,

                              Plaintiff,

        v.

SGT. CHRISTINA LoVERDE,
DANIEL LEONARD,
SEAN WARNER,
CHRIC WEGNER, and
MICHAEL BOCZAR,

                              Defendants.

_____

**DECISION
and
ORDER**

09-CV-00217S(F)

APPEARANCES:          VENSEL HARDY, *Pro Se*
                          99-A-5308
                          GREAT MEADOW CORRECTIONAL FACILITY
                          Box 51
                          Comstock, New York 12821-0051

                          ERIC T. SCHNEIDERMAN
                          Attorney General, State of New York
                          Attorney for Defendants
                          DARREN LONGO
                          Assistant Attorney General, of Counsel
                          Main Place Tower
                          Suite 300A
                          350 Main Street
                          Buffalo, New York  14202

## <u>JURISDICTION</u>

This case was referred to the undersigned by Honorable William M. Skretny on
January 6, 2010, for all pretrial matters.  The matter is presently the court on Plaintiff's
motions to compel (Docs. Nos. 53 (filed February 1, 2011), 58 (filed March 10, 2011),
and 61 (filed March 22, 2011)), and to amend/correct the complaint (Doc. No. 62), filed
March 22, 2011.

## BACKGROUND and FACTS[1]

Plaintiff Vensel Hardy ("Plaintiff"), proceeding *pro se*, commenced this civil rights action on December 16, 2008, in the Southern District of New York, alleging that on October 7 or 8, 2008, while incarcerated at Attica Correctional Facility ("the correctional facility") in Attica, New York, Plaintiff had a seizure, following which five "John Doe" defendants, employees of New York State Department of Correctional Services ("DOCS"), assaulted Plaintiff and then failed to obtain proper treatment for Plaintiff's injuries.  Because the correctional facility where the events or omissions given rise to Plaintiff's claim occurred is located in the Western District of New York, on February 23, 2009, the case was transferred to this court.

On February 24, 2010, Plaintiff filed an Amended Complaint (Doc. No. 27) ("Amended Complaint"), and, on April 12, 2010, filed a Supplement to the Amended Complaint (Doc. No. 30) ("Amended Complaint Supplement").  Plaintiff's Amended Complaint names as Defendants DOCS employees Sgt. Christina LoVerde ("LoVerde"), Daniel Leonard ("Leonard"), Sean Warner ("Warner"), Chric Wegner "Wegner"), and Michael Boczar ("Boczar").  Plaintiff asserts in the Amended Complaint and the Amended Complaint Supplement that Defendants violated Plaintiff's rights under the Eighth Amendment by subjecting Plaintiff to excessive force, failing to protect Plaintiff from excessive force inflicted by other DOCS employees, and denying Plaintiff medical treatment for injuries allegedly sustained as a result of the claimed physical abuse.

Plaintiff particularly alleges that on October 7, 2008, Plaintiff suffered a seizure in

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

his cell at the correctional facility, subsequent to which Defendants Leonard, Warner, Wegner, and Boczer forcibly removed Plaintiff from his cell and assaulted him, while Defendant LoVerde watched and made gestures encouraging the assault.  Amended Complaint, Second Claim; Amended Complaint Supplement at 4.  Plaintiff alleges that he lost consciousness as a result of the seizure and assault, and that upon regaining consciousness, Plaintiff had a cigarette burn between his eyes, and that Defendants denied Plaintiff medical treatment for the burn and other injuries allegedly sustained as a result of the assault.  Amended Complaint Supplement at 4.

Plaintiff further alleges that on November 29, 2008, Defendants retaliated against Plaintiff for filing a grievance complaining about the alleged October 7, 2008 incident.  Amended Complaint, First Claim; Amended Complaint Supplement at 3-4. Plaintiff specifically alleges that on November 29, 2008, while in the correctional facility's recreation yard, Defendant Warner pulled Plaintiff from the yardline, Defendant Leonard then searched Plaintiff for weapons and pushed Plaintiff's face into a wall, following which Defendants Leonard, Warner, Wegner assaulted Plaintiff.  Id.

Defendants's answer was filed on September 1, 2010 (Doc. No. 38) ("Answer").

On February 1, 2011, Plaintiff filed a Motion for an Order Compelling Discovery (Doc. No. 53) ("Plaintiff's First Motion to Compel"), and a supporting Memorandum of Law (Doc. No. 54) ("Plaintiff's Memorandum").  In opposition to Plaintiff's First Motion to Compel, Defendants filed on February 16, 2011, the Declaration of Assistant Attorney General ("Assistant A.G.") Darren Longo ("Longo") (Doc. No. 57) ("First Longo Declaration").

On March 10, 2011, Plaintiff filed a Motion to Compel Production (Doc.  No.  58)

3

("Plaintiff's Second Motion to Compel").  On March 22, 2011, Plaintiff filed a Motion to Compel Discovery (Doc. No. 61) ("Plaintiff's Third Motion to Compel"), and a Motion for Leave to File an Amended Complaint (Doc. No. 62) ("Motion to Amend").  In opposition to Plaintiff's Second Motion to Compel, Defendants filed on April 1, 2011, the Declaration of Assistant A.G. Longo (Doc. No. 64) ("Second Longo Declaration").  In opposition to Plaintiff's Third Motion to Compel, Defendants filed on April 6, 2011, the Declaration of Assistant A.G. Longo (Doc. No. 67) ("Third Longo Declaration").  In opposition to Plaintiff's Motion to Amend, Defendants filed on April 6, 2011, the Declaration of Assistant A.G. Longo (Doc. No. 68) ("Fourth Longo Declaration").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's First Motion to Compel is DISMISSED as moot in part, and DENIED in part; Plainitff's Second Motion to Compel is DISMISSED as moot in part, and DENIED in part; Plaintiff's Third Motion to Compel is DENIED; and Plaintiff's Motion to Amend is DENIED without prejudice.


## DISCUSSION

**1.      First Motion to Compel**

In his First Motion to Compel, Plaintiff seeks to compel Defendants to produce the names of all inmates located in the same Company of the correctional facility as Plaintiff between October 8 and November 29, 2008.  First Motion to Compel at 1. Plaintiff maintains he needs such information to determine which inmates witnessed Defendants' alleged use of excessive force.  *Id*.  Defendants argue in opposition, that Plaintiff has not previously requested this information, rendering the First Motion to

Compel premature.  First Longo Declaration ¶ 5.  Defendants further maintain that they requested the correctional facility provide a list of inmates during the relevant time period, but that Plaintiff failed to specify a cell block, and each cell block at the correctional facility has a Company 5.  *Id*. ¶¶ 6-8.  Assuming Plaintiff seeks the names of inmates in Company 5 of the same cell block in which Plaintiff was housed during the relevant time, Defendants reframed their request to the correctional facility for a list of the inmates housed in Company 5 of the same cell block in which Plaintiff was housed during the relevant time.  *Id*. ¶ 9.  Plaintiff has not argued in opposition to Defendants' assertions on this point.

Further, Defendant has already requested the information regarding the identity of the inmates housed at the correctional facility in the same cell block and Company as Plaintiff during the relevant period of time and has indicated their intention, upon receiving such information from the correctional facility, to forward the information to Plaintiff.  Accordingly, this aspect of Plaintiff's First Motion to Compel is DISMISSED as moot.  If, however, as based on the docket, Defendants have not yet provided such information to Plaintiff, Defendants should do so promptly to avoid further motions by Plaintiff.

In Plaintiff's Memorandum submitted in support of the First Motion to Compel, Plaintiff seeks to compel Defendants to produce minutes pertaining to an October 19, 2010 prison disciplinary hearing.  Plaintiff's Memorandum at 1.  Although this request appears only in a memorandum of law, the court addresses it in light of Plaintiff's *pro se* status.  *See Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 762 (2d Cir. 1990) (papers filed by *pro se* plaintiff held to less stringent standard than those drafted

by attorneys and citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  In opposition, Defendants maintain they are unable to determine to what hearing this request pertains given that Plaintiff commenced this action in 2009, rendering it extremely unlikely that any disciplinary hearing held on October 19, 2010, would be relevant to this action. First Longo Declaration ¶¶ 13-15.  Defendants speculate that Plaintiff's reference to "October 19, 2010" may be to a conference scheduled in the instant action for that date, at which it was anticipated Plaintiff would participate by telephone, but failed to do so. *Id*. ¶¶ 16-17.  In that case, however, Defendants fail to see how the minutes from such teleconference could be subject to a discovery demand by Plaintiff.  *Id*. ¶ 18.  Plaintiff has neither denied Defendants' assertions on this issue, nor clarified the request.  In the absence of any explanation as to how the requested information is relevant to Plaintiff's Eighth Amendment claims asserted in this action, the request is DENIED.

Moreover, Rule 37 requires that before moving for an order compelling disclosure or discovery, the movant must, in good faith, confer or attempt to confer with the person or party failing to make the requested discovery or disclosure, and the motion must be accompanied by a statement from the movant certifying such good faith attempt had been made.  Fed.R.Civ.P. 37(a)(1).  Plaintiff's First Motion to Compel is not accompanied by such certification, which is consistent with Defendants' position that Plaintiff has not previously requested such discovery.  As such, Plaintiff's motion is DENIED on that ground alone.

Plaintiff's First Motion to Compel is therefore DISMISSED as moot in part, and DENIED in part.

2.      **Second Motion to Compel**

In his Second Motion to Compel, Plaintiff seeks to compel Defendants to

produce a list of all inmates housed in the correctional facility on A-Block, Company 5,

who attended recreation on November 28 and 29, 2008.  Second Motion to Compel ¶ 1.

Plaintiff further seeks a copy of the investigation reports of both the October 7, and

November 29, 2008 incidents at the correctional facility.  *Id*. ¶ 2.  Defendants argue in

opposition that such request is similar to that made in Plaintiff's First Motion to Compel,

that Plaintiff's failure to serve Defendants with any such discovery demand renders the

request premature, and that Plaintiff, by refusing to accept mail from Defendants, has

also refused to communicate with Defendants regarding this action, such that Plaintiff

has failed to meet the prerequisites for obtaining a motion to compel.  Second Longo

Declaration ¶¶ 6-9.  Defendants further object to this request on the basis that it is

irrelevant, and unlikely to lead to any relevant information given that Plaintiff was not

involved in any incident at the correctional facility on November 28 or 29, 2008. *Id*. ¶¶

10-11.  Plaintiff has neither denied Defendants' assertions, nor argued in further

support of the Second Motion to Compel.

Plaintiff has not indicated whether or not he received from Defendants the

information Defendants maintain, in connection with Plaintiff's First motion to compel,

Defendant requested from the correctional facility, specifically, a list of the inmates

housed with Plaintiff at the correctional facility in Cell Block A, Company 5, during the

relevant time period.  Nevertheless, despite Defendants' assertion that such information

is irrelevant to any claim by Plaintiff, a plain reading of the Amended Complaint and the

Amended Complaint Supplement establish that such information would be relevant to

Plaintiff's claim that Defendants, to retaliate against Plaintiff for filing a grievance complaining about the alleged October 7, 2008 incident and assault, further assaulted Plaintiff.

Defendants, however, maintain that because Plaintiff has not previously served Defendants with a request for such information, Plaintiff has failed to make a good faith effort to obtain such information prior to filing the instant motion, and Plaintiff's motion to compel production of the information is premature. Second Longo Declaration ¶ 13. Defendants further explain that they are searching for and will provide Plaintiff with any documents responsive to this demand. *Id*. ¶¶ 14-16. Defendants' agreement to provide Plaintiff with the requested documents, despite Plaintiff's failure to make a proper demand for the information prior to filing the instant motion, renders this aspect of the motion moot and it is DISMISSED. Nevertheless, if, as the docket indicates, Defendants have not yet provided such information to Plaintiff, Defendants should promptly do so to avoid further motions by Plaintiff.

Plaintiff also requests all grievances or complaints filed against DOCS employees at Attica between the years 2008 and 2011, to permit Plaintiff to establish a pattern of unprovoked abuse by Defendants against inmates. Plaintiff's Second Motion to Compel ¶ 3. Defendants argue in opposition that this is not a document request but an interrogatory, and object to the interrogatory as unduly burdensome, given that grievances and complaints are filed according to the names of the inmates making the complaints, rather than according to the names of the DOCS employees who are the subjects of such complaints and that, in any event, such information is irrelevant because evidence of "a pattern of ill treatment or assault by all defendants" is

8

precluded by Fed.R.Evid. § 404(b).  Second Longo Declaration ¶¶ 17-26.

It has been repeatedly held by this court that because inmate grievances and complaints filed against DOCS employees are filed according to the inmates making the grievances or complaints, the search required to identify the DOCS employees against whom such grievances or complaints are made would be unduly burdensome and time-consuming, and that such burden would outweigh any benefits provided by the requested discovery.  *See, e.g.*, *Rosario v. Masterantonio*, No. 09-CV-00377F, slip op. at 9-10 (W.D.N.Y. Sept. 13, 2011); *Abascal v. Fleckenstein*, 2010 WL 3834839, at *8-9 (W.D.N.Y. Sept. 29, 2010); *Wells v. Jacobs*, No. 02-CV-00633S(F), slip op. at 4 (W.D.N.Y. Jan. 4, 2005).  Plaintiff's request is therefore DENIED on this ground.

Finally, the second page of Plaintiff's Second Motion to Compel is styled as Requests to Admit pursuant to Fed.R.Civ.P. 36(a).  Second Motion to Compel at 2. Defendants state that some of the Requests to Admit are actually interrogatories or document demands and that although such requests, interrogatories and document demands which were not previously served on Defendants are not properly the subject of a motion to compel, Defendants are treating the requests as requests for admissions, interrogatories, and document demands.  Second Longo Declaration ¶¶ 28-31.  Toward that end, Defendants have forwarded the discovery requests to Defendants for their responses.  *Id*. ¶ 31.  Plaintiff has not argued in further support of this ground of his Second Motion to Compel.  In light of Defendants' indication that these requests have been forwarded to Defendants for their responses, the Second Motion to Compel is DISMISSED as moot on this ground.  To avoid further motion practice on this issue, however, Defendants should promptly file their answers.

Moreover, similar to the First Motion to Compel, Plaintiff's failure to serve Defendants with any demand for discovery of the information sought in the Second Motion to Compel, and the absence of a certification that Plaintiff attempted to resolve the matter in good faith, renders the Second Motion to Compel in violation of Rule 37(a)(1).  The motion is, thus, DENIED on that basis.

Plaintiff's Second Motion to Compel is therefore DISMISSED as moot in part, and DENIED in part.

### 3.   Third Motion to Compel

Plaintiff's Third Motion to Compel seeks an order directing Defendants to pay Plaintiff $ 18,000 for "reasonable expenses" Plaintiff incurred in connection with his motions to compel.  Third Motion to Compel at 1.  In opposition, Defendants argue that (1) Plaintiff has failed to provide any documentation or evidence establishing Plaintiff incurred any costs in making his various motions to compel, Third Longo Declaration ¶¶ 7; (2) at most, the costs of Plaintiff's motions to compel is limited to postage, *id*. ¶¶ 8-9; (3) Plaintiff filed the motions to compel without first making any good faith effort to resolve discovery disputes, *id.* ¶¶ 10-11; (4) Defendants' responses to Plaintiff's premature motions to compel demonstrates Defendants' willingness to comply with Plaintiff's discovery requests, despite the fact that such requests were improperly made in the form of motions to compel, and Defendants have even provided Plaintiff with copies of documents made at Defendants' expense, despite the fact that Defendants are under no obligation to make copies for Plaintiff, *id.* ¶¶ 12-14; and (5) Plaintiff has refused to accept mail from Defendants and the court, *id*. ¶ 15.  Accordingly,

Defendants maintain Plaintiff has failed to establish he is entitled to any award of expenses incurred in connection with the motions to compel. *Id.* ¶¶ 16-18.  The circumstances of the instant case establish Plaintiff is not entitled to an award of the expenses of making his motions to compel.

As relevant, Rule 37 provides

> If the motion [to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action . . . .

Fed.R.Civ.P. 37(a)(5)(A).

First, no part of Plaintiff's motions to compel has been granted.  Further, although Defendants did not provide some of the information Plaintiff seeks to compel until after Plaintiff moved to compel the information, Defendant has steadfastly asserted, and Plaintiff has not denied, that Plaintiff had not previously served Defendants with requests for the discovery Plaintiff sought to obtain in his motions to compel.  As such, Plaintiff failed to make any good faith attempt to obtain the subject discovery before filing the motions to compel.  In other words, Plaintiff resorted to moving to compel discovery without first serving Defendants with demands for discovery, thus thwarting the purpose of discovery, *i.e.*, the prompt and fair resolution of valid disputes.  *See Crawford-El v. Britton*, 523 U.S. 574, 599-600 (1998) (stating, *in dicta*, that the discovery process should be managed "to facilitate prompt and efficient resolution of the lawsuit").  Finally, the court observes Plaintiff has failed to demonstrate any basis on

which it could be reasonably concluded that given Plaintiff's incarcerated *pro se* status,

Plaintiff incurred any substantial expenses.

Plaintiff's Third Motion to Compel is DENIED.

### 4.    Motion to Amend

Plaintiff seeks leave to file a second amended complaint to add as defendants

certain DOCS employees previously unidentified by Plaintiff.  Plaintiff's Motion to

Amend at 1.  In opposition, Defendants urge the court to deny the Motion to Amend

because (1) Plaintiff failed to attach a copy of the proposed second amended complaint

as required under Local Rule of Civil Procedure 15(a), Fourth Longo Declaration ¶¶ 3-4;

(2) listed as defendants in the Motion to Amend's caption are only those whom Plaintiff

seeks to add as defendants, thereby causing confusion as to whether Plaintiff intends

to continue pursuing his claims against existing Defendants, *id.* ¶¶ 6-7; and (3) although

discovery has been conducted and Plaintiff claims to have identified all "John Doe"

defendants, one of the DOCS employees Plaintiff seeks to add as a defendant is

identified only as "Mr. P. Something" which fails to provide enough information to give

notice to such putative defendant, *id.* ¶ 8-9.

Plaintiff has failed to attach a copy of the proposed second amended complaint,

as required by Rule 15(a) of the Local Rules of Civil Procedure for the Western District

of New York ("Local Rule 15(a)") which, as relevant, provides

> A movant seeking to amend or supplement a pleading *must* attach an unsigned
> copy of the proposed amended pleadings as an exhibit to the motion. . . .

Local Rule of Civil Procedure 15(a) (italics added).

That Local Rule 15(a) specifies that a copy of the proposed amended pleadings "must" be attached as an exhibit to the motion establishes that failure to do so is fatal to the motion.

Furthermore, the failure to attach a copy of the proposed amended pleadings is, as Defendants' assert, confusing given that only those DOCS employees Plaintiff seeks to add are listed as defendants in the motion's caption.  Moreover, Plaintiff's Motion to Amend fails to specify what claims Plaintiff seeks to assert against the putative defendants.  Plaintiff's attention is directed to the balance of Local Rule 15(a), providing

> The proposed amended pleading must be a complete pleading superseding the original pleading in all respects.  *No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.*

Local Rule of Civil Procedure 15(a) (italics added).

The court observes that Plaintiff's failure to attach the proposed second amended complaint deprives Defendant of the right to challenge any claims to be asserted in such complaint as time-barred or futile.

Accordingly, Plaintiff's Motion to Amend is DENIED without prejudice.

## CONCLUSION

Based on the foregoing, Plaintiff's First Motion to Compel (Doc. No. 53), is DISMISSED as moot in part, and DENIED in part; Plaintiff's Second Motion to Compel (Doc. No. 58), is DISMISSED as moot in part, and DENIED in part; Plaintiff's Third Motion to Compel (Doc. No. 61), is DENIED; and Plaintiff's Motion to Amend (Doc. No. 62) is DENIED without prejudice.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        September 21, 2011
              Buffalo, New York

**Any appeal of this Decision and Order must be taken to by filing a notice of appeal within 14 days of the filing of this Decision and Order pursuant to Fed. R. Civ. P. 72(a).**

14