UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VENSEL HARDY,

                          Plaintiff,

     v.                                                    **DECISION AND ORDER**
                                                           09-CV-217S
SERGEANT CHRISTINA LoVERDE, DANIEL
LEONARD, SEAN WARNER, CHRIS
WEGNER, AND MICHAEL BOCZAR,

                          Defendants.


## I.  INTRODUCTION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant

to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights while

he was incarcerated at Attica Correctional Facility.   Pending before this Court is

Defendants' motion for summary judgment dismissing the complaint.  This Court finds the

matter fully briefed and oral argument unnecessary and, for the reasons discussed below,

concludes that Defendants' motion should be granted.

## II. BACKGROUND

Plaintiff's claims of excessive force, failure to protect, and medical indifference arise

from three alleged incidents occurring on October 7, 2008, November 5, 2008, and

November 29, 2008.  He originally filed the instant action in the Southern District of New

York on December 16, 2008.  The matter was then transferred to this Court by order dated

February 23, 2009. (Docket No. 1.)

Plaintiff filed an Amended Complaint and Supplement to the Amended Complaint, which were deemed to constitute the operative pleading in this action by the April 2010 order of Magistrate Judge Foschio.  (Docket Nos. 27, 29, 30.)  Defendants now move for summary judgment dismissing the Amended Complaint in its entirety. (Docket No. 82.)[1]

### III. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2003) (quoting Anderson, 477 U.S. at 248), cert denied, 540 U.S. 811 (2003).  A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir.

---

[1]In support of their motion, Defendants submitted a supporting Memorandum of Law (Docket No. 83), an Undisputed Statement of Facts (Docket No. 84), and the Declarations of Attorney Kathleen Kaczor, Esq., Lieutenant Christina LoVerde, Correctional Officer Daniel Leonard, Inmate Grievance Coordinator Mark Janes, Attica Correctional Medical Director Jadow Rao, M.D., Correctional Officer Sean Warner, and Correctional Officer Chris Wegner (Docket Nos. 85-91). Plaintiff filed a response to Defendants' motion (Docket No. 97), to which Defendants filed a reply (Docket No. 98).  After the passage of the court-ordered deadline, Plaintiff filed additional short responses labeled as replies and memoranda (Docket Nos. 100-104).  These submissions are largely duplicative, but in light of the fact Plaintiff is proceeding pro se, the Court has nonetheless considered them.

2003).

Further, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.' " Triestman v. Federal Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). "A *pro se* plaintiff, however, cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor." Belpasso v. Port Auth. of New York & New Jersey, 400 Fed. Appx. 600, 601 (2d Cir. 2010); see Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996) (summary judgment properly entered against *pro se* plaintiff who failed to oppose motion with admissible evidence after receiving plainly worded warning of the consequences of such failure). "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." Anderson, 477 U.S. at 252.

## A.    Failure to Exhaust Administrative Remedies

Defendants first contend that they are entitled to summary judgment on all of Plaintiff's claims because he failed to exhaust the administrative remedies available to him through the Inmate Grievance Program.  (Def's Mem of Law at 3-7.)  Pursuant to the Prison Litigation Reform Act of 1995 ("PRLA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . ., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a); see Espinal v Goord, 558 F.3d 119, 123-24 (2d Cir. 2009).  "PLRA's exhaustion requirement applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  "[T]he scope of proper exhaustion under the PRLA is determined by reference to the state grievance system's procedural rules." <u>Espinal</u>, 558 F.3d at 126 (citing <u>Jones v. Bock</u>, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)).  Plaintiff was therefore required to have utilized all steps in the Inmate Grievance Program prior to commencing this action.  <u>Hernandez v. Coffey</u>, 582 F.3d 303, 305 (2d Cir. 2009); <u>Espinal</u>, 558 F.3d at 125-126; <u>see generally</u> 7 NYCRR § 701.1 *et seq.* (Inmate Grievance Program regulations).

In support of their contention, Defendants submitted the declaration of Mark Janes, the Inmate Grievance Coordinator at Attica Correctional Facility. (Docket No. 88.)  Janes asserts that he searched DOCCS' grievance records and found no grievances filed by Plaintiff concerning the alleged October and November 2008 incidents. (Janes Decl. ¶¶ 6-7.) Plaintiff, however, alleges that he did grieve both the October and November allegations, but he "was not call out for the grieve [sic]." (Am. Compl. at 4-5; Pl's Dep at 30, Ex A to Decl. of Kathleen M. Kaczor, Esq., Docket No. 85.)  The strongest argument this allegation suggests is that Defendants impermissibly ignored his grievance.  <u>See Hemphill v. New York</u>, 380 F.3d 680, 687 n. 6 (2d Cir. 2004) (failure to respond to a grievance within the time limits contained in the grievance regulations renders the administrative remedy unavailable).

Plaintiff offers no evidence to support this assertion.  Notably, Plaintiff's failure to produce copies of his allegedly filed grievances is suspect where he submitted copies of his numerous grievances from 2003 and 2007 with his original complaint. (Docket No. 9.)

More importantly, Plaintiff fails to allege specifically when he filed the grievance or grievances related to his current claims.  This is relevant because the Inmate Grievance Resolution Committee has sixteen days from the filing of a grievance to either resolve the issue informally or schedule a hearing.  7 N.Y.C.R.R. § 701.5(b)(1),(2)(ii).  Here, Plaintiff's original complaint was received by the Southern District's *pro se* office on December 16, 2008, barely seventeen days after the alleged November 29, 2008 incident.  Because Plaintiff fails to offer evidence, or even more specific allegations, regarding the date that he filed his grievance or grievances, there is not even a scintilla of evidence to support the conclusion that Defendant failed to timely respond to any grievance on Plaintiff's allegations. Anderson, 477 U.S. at 252; see Mitchell v. Senkowski, 158 Fed. Appx. 346, 350 (2d Cir. 2005) (conclusory assertion that prison officials obstructed grievance process insufficient to raise genuine issue of material fact defeating summary judgment); Williams v. LaClair, 128 Fed. Appx. 792, 793 (2d Cir. 2005) (summary judgment proper where record lacked evidence that plaintiff satisfied the exhaustion requirements of § 1997e(a)).

## B.    November 5, 2008 Verbal Harassment Claim

In his Amended Complaint, Plaintiff asserts that on or about November 5, 2008, Defendant Christina LoVerde, then a sergeant, spoke with him about a prior unrelated grievance that he was being denied access to meals and showers.  (Am. Compl. at 5; see Decl. of Christina LoVerde ¶¶ 1-7.)  Plaintiff alleges LoVerde told him to apologize to another correctional officer, apparently associated with this prior grievance. (Am. Compl. at 5.)  Plaintiff offers no further details, and it is unclear if he intended this to be a separate claim.  In any event, Defendants are correct that the strongest argument this assertion suggests is verbal harassment, and therefore the claim must be dismissed. (Def's Mem of

Law at 7-8.)   Verbal threats are generally an insufficient basis for finding an Eighth

Amendment violation, particularly where, as here, they are ambiguous and unaccompanied

by either physical force or the present ability to effectuate the threat. Felder v. Filion, 368

Fed. Appx. 253, 256 (2d Cir. 2010) (citing Purcell v. Coughlin, 790 F.2d 263 F.2d 263, 265

(2d Cir. 1986)); Jermosen v. Coughlin, 878 F. Supp. 444, 449 (N.D.N.Y. 1995).

**C.      October 7, 2008 Excessive Force and Medical Indifference Claims**

Initially, the parties do not dispute that Plaintiff suffered a seizure on October 7,

2008.  Plaintiff alleges that, while he was seizing, Defendant Boczar pulled him from his

cell by his feet and put a sheet over his face. (Supp. Am. Compl. at 4, Docket No. 30.)  He

further alleges that when he regained consciousness, there was a cigarette burn on his

face. (Id.)  Plaintiff also claims that Defendants acted with medical indifference because

the doctor who treated him only asked him if he had a fight and then sent him back to his

cell.  (Id.)

Defendants are entitled to dismissal of these claims as well. According to his

deposition testimony, Plaintiff has no memory of the actual seizure, only that he finished

using the bathroom, cleaned himself up, and the "next thing I know, I'm in the hospital."

(Pl's Dep at 16.)  Plaintiff testified that another inmate told him that "[t]hey pulled [Plaintiff]

out by [his] feet and threw a sheet over [his] face," but there is no identification of the

officer or officers involved. (Id. at 21.)  Further, when questioned if any other inmate saw

Plaintiff being burned with a cigarette, Plaintiff answered "they can't look in my cell, that

would be kind of hard for them to see that, wouldn't it?" (Id. at 26.)  Accordingly, Plaintiff

cannot establish that any named Defendant was personally involved in this incident, and

a defendant's personal involvement in an alleged constitutional deprivation is a prerequisite

to damages under § 1983. <u>Farid v. Ellen</u>, 593 F.3d 233, 249 (2d Cir. 2010).

Further, Defendants also submitted the declaration of Jadow Rao, M.D., Attica Correctional Facility's medical director. (Docket No. 89 ¶ 1.) Rao asserted that when Plaintiff was brought into the emergency room following his seizure, he had no cigarette burn on his face. (Rao Decl. ¶¶ 3-5, 9.) Rao instructed the Plaintiff be transferred to the infirmary where Dilantin was administered. (<u>Id.</u> ¶ 8.) To the extent that Plaintiff seeks to oppose Defendants' motion on this issue by asserting that an unnamed doctor sent him back to his cell without treatment, the absence of an allegation that any named Defendant was personally involved again warrants dismissal. <u>Farid</u>, 583 F.3d at 249.

## D.     November 29, 2008 Excessive Force claims

Finally, Plaintiff alleges that on November 29, 2008, he was pulled out of line for the yard by Defendant Sean Warner and then searched for weapons by Defendant Daniel Leonard. (Am. Compl. at 5.) He further asserts that during the search Defendant Leonard pushed Plaintiff into the wall, causing him to hit his head, in retaliation for Plaintiff's family reporting that Leonard refused Plaintiff meals and showers. (<u>Id.</u>; Pl's Resp ¶ 5, Docket No. 97; Pl's Dep at 53 (answering that Leonard hit him).) In his supplement to the Amended Complaint, this incident is described as Defendants "Leonard, Warner, [and] Wegner attacked Plaintiff repeatedly [by] hit[t]ing him in the face and hit[t]ing [his] head to the wall." (Supp. Am. Compl. at 3.) Defendant LoVerde allegedly failed to intervene in the assault, and instead stood by and watched it occur. (Am. Compl. at 5; Pl's Dep at 51.)

In support of their motion, Defendants Leonard, Warner, Wegner, and LoVerde each assert that this incident did not happen and there is no record of the incident. (Leonard Decl. ¶¶ 3-6; Warner Decl. ¶¶ 3-6; Wegner Decl. ¶¶ 3-6; LoVerde Decl. ¶¶ 8-10,

12.) Further, Defendants argue that Plaintiff's inconsistent versions of the events of the alleged assault undermine his claim that any attack took place. (Def's Mem of Law at 5-7.) Although Plaintiff's shifting descriptions of events call into question his credibility, this Court cannot conclude that they are " '. . . so contradictory that doubt is cast upon their plausibility.' " Jeffreys v. City of New York, 426 F.3d 549, 555 (2d Cir. 2005) (quoting Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 470 (S.D.N.Y. 1998). Nor can the alleged assault be considered merely *de minimus* where Plaintiff asserts that it was unprovoked and retaliatory. See Wilkins v. Gaddy, 559 U.S. 34, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010) (core judicial inquiry is not the extent of the injury, if any, but whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm); Wright v Goord, 554 F.3d 255, 268-69 (2d Cir. 2009). Accordingly, although this claim must be dismissed for Plaintiff's failure to exhaust administrative remedies, it is not so frivolous on its face that dismissal with prejudice is warranted. 42 U.S.C. § 1997e(c)(2) (frivolous claim may be dismissed without requiring exhaustion of administrative remedies).

## IV. CONCLUSION

The Amended Complaint must be dismissed in its entirety based on Plaintiff's failure to exhaust administrative remedies as required by § 1997e(a). Further, because Plaintiff's claims regarding the alleged October 7, 2008 and November 5, 2008 are without merit, exhaustion would be fruitless. Those claims are therefore dismissed with prejudice. 42 U.S.C. § 1997e(c)(2); Snider v. Melindez, 199 F.3d 108, 111 (2d Cir. 1999). Plaintiff's excessive force and failure to intervene claims related to the alleged events of November 29, 2008 are dismissed without prejudice. See Kasiem v. Switz, 756 F. Supp. 2d 570, 578

(S.D.N.Y. 2010) (nonexhausted claims should generally be dismissed without prejudice).

## V. ORDERS

IT HEREBY IS ORDERED that Defendants' Motion for Summary Judgment (Docket

No. 82) is GRANTED;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated:  March 11, 2013
           Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge